IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| REV GERALD KINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:24-cv-02884-TLP-tmp |
| v. | ) |
| | ) |
| SHELBY COUNTY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Gerald Kiner sued Defendant Shelby County in the Chancery Court of Tennessee for the Thirtieth Judicial District. (ECF No. 1-2.) Defendant removed the case to this Court. (ECF No. 1.) Plaintiff alleges that a County resolution providing legal representation to employees violates Tennessee law and Fourteenth Amendment equal protection. (ECF No. 1-2.)

Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham for management of all pretrial matters. Defendant moved to dismiss this action. (ECF No. 8.) And Judge Pham ordered the Parties address whether Plaintiff had standing to bring his claim. (ECF No. 16.) Based on the related briefing, Judge Pham then entered a Report and Recommendation ("R&R") recommending the Court remand the case to state court. (ECF No. 22.)

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in

1

whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  Judge Pham entered his R&R in May 2025.  Neither party objected, and the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R.  The Court agrees with Judge Pham that Plaintiff's alleged harm is that County employees receive legal representation.  (ECF No. 22 at PageID 165–66.)  And that is not an injury that satisfies the standing requirements for suit in federal court.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (explaining that there is no standing for only a "'generalized grievance' that is pervasively shared by a large class of citizens").  Without standing, the Court lacks subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2.  As a result, the Court must remand the case to state court—even if the remand is futile.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Coyne*, 183 F.3d at 496–97.

Accordingly, the Court **ADOPTS** the R&R (ECF No. 22) and **REMANDS** this action to state court.

**SO ORDERED**, this 12th day of August, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE